```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-80578-Civ-HURLEY
                                      (98-6015-Cr-HURLEY)
                              MAGISTRATE JUDGE P.A. WHITE
JEFFREY McLEOD,              :

        Movant,              :
                                          REPORT RE DISMISSAL
v.                           :             OF §2255 MOTION
                                            AS TIME-BARRED
UNITED STATES OF AMERICA,    :

        Respondent.          :
_____
```

This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on May 15, 2008.[1] The judgment of conviction in the underlying criminal case became final at the latest on October 6, 2003, when certiorari review was denied by the Supreme Court.[2] See United States v. King, et al., 66 Fed.Appx. 844 (11th Cir. 2003)(table), cert. den'd, 540 U.S. 902 (2003).

At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than October 7, 2004. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was filed by the movant in the Middle District of Florida on May 15, 2008, over four years

---

[1] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[2] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

The ninetieth day fell on a Sunday, so the movant had until Monday, July 24, 2000 within which to seek certiorari review.

after his conviction became final. (Cv-DE#1). It is not timely.

The government argues correctly that this motion is time-barred. Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002); Sandvik v. U.S., 177 F.3d 1269, 1270 (11 Cir. 1999). The movant has not demonstrated extraordinary circumstances beyond his control.

The operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255. Review of the record reveals that the movant was aware or should have been aware of the factual predicate of the claim raised in this petition, as early as the time sentence was imposed in 2000. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5 Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10 Cir. 1992)(holding that petitioner's failure to discover the legal significance of the operative facts does not constitute cause). The limitations period begins to run when the movant knows, or through due diligence, could have discovered, the important facts for his claims, not when the movant recognizes the facts' legal significance. Owens v. Boyd, 235 F.3d 356, 359 (7 Cir. 2000).

Moreover, tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing his claim. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618- 19 (3 Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights). See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenge to his convictions and sentences now raised.

An order was entered requiring the movant to state whether one

or more of the four factors listed above justifies consideration of this motion to vacate. (Cv-DE#6). The movant was notified that failure to demonstrate the existence of at least one of the four factors would result in dismissal of the motion to vacate. As of the filing of this Report, no response to this court's order has been filed by the movant.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations);  O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The filing of this motion to vacate over four years after his judgment became final is untimely. The movant has not shown that extraordinary circumstances beyond his control precluded him from timely filing this motion to vacate.

Construing the movant's sole claim raised in this §2255 motion liberally as afforded *pro se* litigants pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to argue that the court unlawfully sentenced him based on facts not charged in the indictment nor proven beyond a reasonable doubt. Clearly, without citing the cases, the movant is challenging his sentences based on Blakely v. Washington, 542 U.S. 296 (2004) and its progeny, United States v. Booker, 543 U.S. 220 (2005), together with Apprendi v. New Jersey, 530 U.S. 466 (2000), because factual determinations

4

were not made by a jury, or admitted by him, but were made by the sentencing court.

Claims of Apprendi error cannot be raised for the first time in a motion to vacate. The Eleventh Circuit has held that Apprendi does not apply retroactively on collateral review. See, McCoy v. United States, 266 F.3d 1245 (11 Cir. 2001). The court reasoned that claims raised under Apprendi in an initial §2255 motion are not jurisdictional, but barred under the non-retroactivity standard of Teague v. Lane, 489 U.S. 288 (1989), and that if a movant fails to raise his Apprendi claims on direct appeal, he will be procedurally barred from raising them in an initial §2255 motion. Id. The Court has since held that "the effect of McCoy's holding that Apprendi is not retroactively applicable to cases on collateral review--or more accurately, that Apprendi is not applicable to cases in which the conviction had become final before that decision was released--is to bar all Apprendi claims in such cases whether or not they are meritorious." Hamm v. United States, 269 F.3d 1247 (11th Cir. 2001).

Moreover, the movant is entitled to no relief on this substantive claim because the Eleventh Circuit has held that Blakely and its progeny, Booker, also **do not** apply retroactively to §2255 cases on collateral review. See, Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005); In re Anderson, __ F.3d. __, 2005 WL 123923, 2-4 (11 Cir Jan. 21, 2005)(holding that the rules in Blakely and Booker are not applicable retroactively on collateral review because the Supreme Court has not expressly declared it to be, but instead expressly extended the holding "to all cases on direct review"), citing, Schriro v. Summerlin, 542 U.S. 348, 358 (2004)(holding that Ring v. Arizona, 536 U.S. 584 (2002), an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), is not retroactive to cases on collateral review); see also, McCoy v.

5

United States, 266 F.3d 1245, 1259 (11th Cir. 2001).

His ineffective assistance of counsel claim is without merit as well. At the time of his sentencing in 2000, neither Blakely, Booker, nor Apprendi had been decided.[3] At the time of the entry of his judgment, the law of the Eleventh Circuit would have precluded success on the issue had it been raised. The judgment was entered in March 2000. At that time, the Eleventh Circuit had specifically rejected the argument that enhancements to the guidelines based on type and quantity of drugs were elements of the offense which must be proved beyond a reasonable doubt. United States v. Hester, 199 F.3d 1287, 1291 (11 Cir. 2000), cert. granted, judgment vacated, 121 S.Ct. 336 (2000).

Moreover, the law in the Eleventh Circuit is well established that it is not ineffective assistance for an attorney to fail to foresee a change in the law. See, United States v. Ardley, 273 F.3d 991 (11th Cir.2001)(denial of suggestion for rehearing en banc)(our circuit law completely forecloses the contention that an attorney's failure to anticipate the Apprendi decision is ineffective assistance); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir.1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'"). Counsel was not ineffective for failing to foresee the development in the law, which was contrary to then established Eleventh Circuit precedent.

It should further be noted that an Apprendi claim was raised and rejected on direct appeal on the finding that the movant's substantial rights were not affected. United States v. King, et

---

[3] Apprendi was decided on June 26, 2000. Blakely was decided on June 24, 2004. Booker was decided on January 12, 2005.

6

al., supra; (Cr-DE#1242). The movant has not demonstrated a change in circumstance, sufficient to warrant relitigation of the claim. See Hobson v. United States, 825 F.2d 364, 366 (11th Cir. 1987)(claim raised and considered on direct appeal precludes further review of the claim in a §2255 motion), vacated on other grounds, 492 U.S. 913 (1989); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Webb v. United States, 510 F.2d 1097 (5th Cir. 1975); Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7 Cir. 1994); Graziano v. United States, 83 F.3d 587 (2d Cir. 1996)(Collateral attack on a final judgment in a criminal case is generally available under §2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice.).

The movant is also not entitled to equitable tolling because he is an unskilled layperson with limited a educational background who is unfamiliar with the law. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5 Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5 Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9 Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5 Cir. 1991)(holding equitable

tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

It is therefore recommended that this motion to vacate be dismissed as time-barred and alternatively denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 20th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jeffrey McLeod, <u>Pro Se</u>
      Reg. No. 03291-031
      F.C.C.-Coleman (Low)
      P.O. Box 1031
      Coleman, FL 33521

      Jeffrey H. Sloman, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132